Britt is a purchaser for valuable consideration, without notice of the alleged mistake. He paid the price and took a deed for the whole tract of 200 acres, according to the original boundaries, with a warranty as to the whole tract; so it is hard on him to be obliged to give up the part actually covered by the deed under which plaintiff claims, and fall back on the warranty. In respect to the part which the plaintiff alleges ought to be included because of a mistake, he may well take the benefit of the maxim, "When the equities are equal, the law must prevail." The bill must therefore be dismissed as to him.
Brumble, by his answer makes an issue on the allegation of a mistake in respect to the boundary. But as the title has passed out of him and vested in Britt, we are relieved from the necessity of deciding this issue, because, in reference to the title, any correction or deed which he might be required now to make would be inoperative and of no effect, and the bill is not framed with a view to any ulterior remedy for breach of warranty. There is no allegation that the deed under which plaintiff claims contains a warranty, and of course no secondary relief in aid of a resort to an action at law on a warranty, if one had been made, can be decreed. The bill must, therefore, be dismissed as to this defendant, also, so far as it relates to the mistake alleged in respect to the boundary. *Page 232 
The mistake by reason of the omission of wards of inheritance being admitted, the plaintiff is, of course, entitled to a decree against the defendant Brumble to have the deed corrected, and as he admits the mistake, and avers a willingness at all times to have corrected it, the plaintiff would have been required to pay the costs according to the course of this Court, but the conduct of the defendant Brumble in selling and receiving pay for the same land twice, which he certainly did (298) as to the part of the land not drawn in question by the alleged mistake, and his avoiding the question in reference to the mistake as to the boundary by the transfer of the title to his co-defendant takes from him all right to claim costs.
As the decree dismisses the bill so far as the defendant Britt is concerned, and also as to the defendant Brumble except as to the mistake in respect to the words of inheritance, the objection taken on the hearing on the ground of multifariousness is avoided.
Indeed, after the expense and delay of preparing a case for hearing has been incurred and taken place, the Court would not be inclined to put the case off on a ground which does not affect the merits of the controversy.
The bill will be dismissed as to Britt, with costs, and will be dismissed as to Brumble so far as it relates to the alleged mistake in respect to boundary, without costs; and there will be a decree, without costs, against the defendant Brumble for the execution of a deed with words proper to pass a fee simple estate, so as to correct the mistake in that particular.
PER CURIAM. Decree accordingly.